IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00130-RLV
(5:13-cr-00053-RLV-14)

| | | |
|---|---|---|
| BROOKELYN MICHELLE MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to

vacate, set aside or correct sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons

that follow, Petitioner's § 2255 motion to vacate will be dismissed.

## I.   BACKGROUND

On June 19, 2013, Petitioner was indicted on one count of conspiracy to distribute, and

possess with intent to distribute and manufacture methamphetamine, in violation of 21 U.S.C. §§

846 and 841(b)(1)(A) (Count 1); one count of possession of pseudoephedrine, in violation of 21

U.S.C. §§ 841(c)(2) and 802(34)(K) (Count 2); two counts of possession of materials used to

make methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and aiding and abetting others to

do the same, in violation of 18 U.S.C. § 2 (Counts 24 and 26); and possession of a firearm during

and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 25).

(5:13-cr-00053, Doc. No. 3: Bill of Indictment).

On December 2, 2013, Petitioner entered into a plea agreement wherein she agreed to

plead guilty to Count 1 in exchange for the Government's agreement to dismiss the remaining

counts. In the agreement, Petitioner agreed to waive her right to contest her sentence on appeal or in a collateral proceeding except through a claim of ineffective assistance of counsel and/or prosecutorial misconduct. During her Rule 11 hearing, Petitioner was placed under oath and closely examined regarding the waiver provision and she averred that she understood she was waiving these rights and that she still wished to plead guilty. Petitioner's plea was accepted after the court found that it was knowing and voluntary. (Id., Doc. No. 144: Plea Agreement; Doc. No. 153: Acceptance and Entry of Guilty Plea).

In Petitioner's presentence report (PSR), the probation officer calculated a base offense level of 32 because the drug conspiracy involved at least 50 grams, but less 150 grams of methamphetamine, pursuant to § 2D1.1(b)(4) of the U.S. Sentencing Guidelines Manual (USSG), and added a two-level enhancement under USSG § 2D1.1(b)(1) because a firearm was involved in the drug conspiracy. Finally, the probation officer found that a three-level enhancement should apply based on USSG § 2D1.1(b)(1) because Petitioner was involved in the manufacture of methamphetamine and this offense created a substantial risk of harm to human life and the environment. In particular, the probation officer observed that the investigation into the drug conspiracy revealed that Petitioner actively participated in the production of methamphetamine at numerous locations, and that the production involved the "shake and bake" method, which the probation officer noted is an extremely dangerous method of production. (Id., Doc. No. 271: PSR ¶ 23). After concluding that it appeared Petitioner qualified for a safety-valve reduction pursuant to USSG §§ 2D1.1(b)(16) and 5C1.2, and adjusting for acceptance of responsibility, Petitioner's Guidelines range was found to be 121 to 151 months' imprisonment based on a total offense level of 32 and a criminal history category I. (Id. ¶ 59).

At sentencing, the Court sustained Petitioner's objection to the two-level gun enhancement, and Petitioner's total offense level was further reduced by two levels based on the parties' agreement that Petitioner would waive any future challenge to her sentence based on Amendment 782 to Section 2D1.2 of the Guidelines, which was to take effect on November 1, 2014. (Id., Doc. No. 299: Limited Waiver; Doc. No. 313: Statement of Reasons at 1). All other objections, including to the three-level enhancement for the substantial risk of harm were overruled. Petitioner's adjusted offense level resulted in a new Guidelines range of 78 to 97 months' imprisonment, and the Court granted Petitioner's unopposed motion for a sentence below the revised Guidelines range. Petitioner was sentenced to a term of 57-months in prison and she did not appeal. (Id., Statement of Reasons at 3; Doc. No. 312: Judgment).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In this collateral proceeding, Petitioner contends that her three-level enhancement for engaging in the "shake and bake" production of methamphetamine is no longer valid because it is not an offense that involves a substantial risk of harm to humans or the environment. (5:16-cv-00130, Doc. No. 1: Motion to Vacate). Petitioner bases her argument on the Supreme Court's

decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional.[1]

Under the ACCA, a defendant that is convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year ... that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another."*

18 U.S.C. § 924(e)(2)(B)(i)(ii). <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2556 ("The closing words of this definition, italicized above, have come to be known as the Act's residual clause.").

Here, assuming *arguendo* that <u>Johnson</u> applies to the application of the Guidelines, Petitioner's argument must fail. As the probation officer noted, the "shake and bake" method was a very dangerous method of producing methamphetamine, and it is beyond question that this method involves the risk of explosion. Moreover, Petitioner freely admitted that she was part of the conspiracy that produced methamphetamine in this manner.

Second, even if Petitioner could demonstrate that there was an error in the application of

---

[1] The Supreme Court recently held that the holding in <u>Johnson</u> is retroactive to cases on collateral review. <u>See</u> <u>Welch v. United States</u>, 136 S. Ct. 1257 (Apr. 18, 2016).

this Guidelines enhancement, this error, at least in this instance, is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931 (4th Cir.), cert. denied, 135 S. Ct. 2850 (2015) (finding erroneous classification as career offender, at least under advisory Sentencing Guidelines, is "not a fundamental defect that inherently results in a complete miscarriage of justice."). Id. at 940.

Third, Section 2255(a) provides a limitation on the ability of a prisoner to challenge the legality of a sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

Petitioner received a sentence that was well within the statutory maximum of life imprisonment.

Finally, in her plea agreement, Petitioner waived her right to collaterally attack her sentence on any grounds except through a claim of ineffective assistance of counsel and/or prosecutorial misconduct. Courts will generally enforce waivers so long as they are knowing and voluntary. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner does not argue that her guilty plea, and concomitant decision to waive her ability to collaterally attack her sentence, was unknowing or involuntary.

Based on the foregoing, the Court finds that Petitioner's § 2255 motion has failed to state a claim for relief and it will be dismissed.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 25, 2016

Richard L. Voorhees
United States District Judge

6